**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICTY OF LOUISIANA**

| | |
|---|---|
| **GERALD C. deLAUNAY**<br>   Plaintiff | **CASE NO.:** |
| **VERSUS** | **JUDGE:** |
| **HARTFORD ACCIDENT AND INDEMNITY COMPANY**<br>   Defendant | **MAGISTRATE:** |

ORIGINAL COMPLAINT

The petition of Gerald C. deLaunay with respect represents that:

1.

Made defendant herein is the Hartford Accident and Indemnity Company ("Hartford") a foreign insurance company doing business in the State of Louisiana.

2.

This court has jurisdiction pursuant to 28 USC 1332. Plaintiff is a citizen of Louisiana. Defendant is domiciled and has its principal place of business in a jurisdiction other than Louisiana. The amount in controversy exceeds $75,000.00.

3.

Plaintiff was involved in an automobile accident (the "Accident") on January 29, 2018, when the car which he was driving was struck from the rear by a vehicle driven by Jesus Alexander Gonzales, who was solely at fault for the accident. Mr. Gonzales was insured by Progressive County Mutual Insurance Co. ("Progressive"), whose policy provided for a limit of thirty thousand dollars ($30,000) for injury to any one person.

4.

At the time of the Accident, plaintiffs were insured by Hartford pursuant to a policy of insurance providing uninsured/underinsured motorist insurance coverage ("UM coverage") with primary limits two hundred fifty thousand dollars ($250,000.00), and with umbrella (excess) coverage protection of one million dollars ($1,000,000.00).

5.

Progressive has paid plaintiff Gerald C. deLaunay the limits of its liability coverage.

6.

Plaintiff's damages greatly exceed the liability limits of the offending driver, and Plaintiff has made demand on Hartford for payment of underinsured motorist benefits under the Hartford policy issued to Plaintiff.

7.

On or before April 17, 2019, Plaintiff initiated a claim for UM coverage and benefits.

8.

On April 17, 2019, Plaintiff presented Hartford with an executed medical authorization form, with proof of loss, and with a demand for UM benefits. At that time, Plaintiff also reminded Hartford of its duty to make a good faith tender.

9.

On May 16, 2019, Plaintiff demanded payment of the limits of the primary policy limits of two hundred fifty thousand dollars ($250,000.00).

10.

Plaintiff has repeatedly requested that Hartford advise him if any further information or documentation is needed to process this claim.  Said requests were made in April, May, June, and July of 2019.

11.

Hartford has acknowledged receipt of the proof of loss furnished by plaintiff, has not advised of the need of any additional information, and has advised plaintiff that it does not need any further information to process this claim.

12.

On July 2, 2019, some two and one-half months after receiving a medical authorization from Plaintiff, Hartford advised Plaintiff that it had finally requested medical records from Plaintiff's primary medical provider.

13.

On July 8, 2019, Plaintiff reminded Hartford of its obligations as insurer, pointed out one of the applicable penalty provisions of applicable Louisiana law, and requested a response to his May 16, 2019 demand.

14.

On July 23, 2019, Plaintiff again requested that Hartford advise of their position on this matter.

15.

Hartford rejected the demand of Plaintiff, but to this date Hartford has failed to tender any of the benefits to which plaintiff is entitled.

16.

Hartford failed to initiate adjustment of the Plaintiff's claim within fourteen days from Plaintiff's initial claim, failed to pay losses within thirty days from proof of loss, and failed to make a good faith tender of benefits under its policy within the delays allowed by applicable law.

17.

In addition, as evidenced by the facts recited above, and addition facts to be shown at trial, Hartford has breached its duty of good faith and fair dealing owed to Plaintiff, and has breached its duty to make reasonable efforts to settle Plaintiff's claim.

18.

As a result of the above, Hartford is liable to Plaintiff for penalties as allowed by applicable law, as well as reasonable attorney fees.

19.

As a result of the Accident, Plaintiff has suffered special damages, to include:

a. Medical and medically related expenses (est) - $125,000.00
b. Loss of earnings (est) – $25,000.00
c. Future medical expenses – unknown at this time

Plaintiff reserves the right to amend and supplement the special damages claimed.

20.

In addition Plaintiff desires and is entitle to recover general damages as allowed by applicable law, including, without limitation:

a. Physical and mental pain and suffering, past and future
b. Loss of enjoyment of life, past and future
c. Disability and loss of physical function

WHEREFORE, Plaintiff prays that Defendant be served with a copy of this complaint, and that after due proceedings had, there be judgment in favor of Plaintiff, and against Defendant for all damages as may be shown in this matter, for penalties equal to twice the damages awarded, for reasonable attorney fees in an amount to be fixed by the court, and for all cost of these proceedings.

                                                *s/ Allan L. Durand*
                                                Allan L. Durand (Bar No. 5222)
                                                235 La Rue France
                                                Lafayette, LA 70508
                                                Ph. (337) 237-8501
                                                Email: Durand @plddo.com